UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ACADEMY OF MOTION PICTURE ARTS AND SCIENCES, a California non-profit corporation;

    Plaintiff,

v.

CHOCOLATE PERFECTION, INC., a South Carolina corporation; and DOES 1 through 10, inclusive;

    Defendants.

---



OFFICE COPY
JUDGE COTE

CASE NO. 07 CIV 6869

DEMAND FOR JURY TRIAL

[RECEIVED STAMP: JUL 31 2007 U.S.D.C. S.D.N.Y. CASHIERS]

## COMPLAINT

Plaintiff Academy of Motion Picture Arts and Sciences (the "Academy" or "Plaintiff") by its attorneys Quinn Emanuel Urquhart Oliver & Hedges, LLP, for its Complaint against Defendants Chocolate Perfection, Inc. ("Chocolate Perfection") and Does 1 through 10 (collectively with Chocolate Perfection, "Defendants") alleges as follows:

### PRELIMINARY STATEMENT

1.    In this action, the Academy seeks damages, injunctive relief and other relief for copyright infringement, trademark infringement and unfair competition and dilution, knowingly and willfully committed by Defendants in violation of the laws of the United States and the State of New York. Without the Academy's permission or consent, Defendants manufacture, distribute, display, advertise and/or sell chocolate statuettes that are identical to, or substantially or strikingly similar to the Academy's "©Oscar®" statuette ("chocolate statuettes").

## THE PARTIES

2. The Academy is, and at all times herein mentioned was, a non-profit corporation organized and existing under the laws of the State of California, with its principal place of business in Los Angeles County, California.

3. Upon information and belief, Defendant Chocolate Perfection is a South Carolina corporation with its principal place of business and mailing address at 2460 Remount Road, Suite 111, North Charleston, South Carolina 29406-6172.

4. The Academy is ignorant of the true names and capacities, whether individual, corporate or otherwise, of Defendants Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names. The Academy will seek leave of the Court to amend this Complaint when the true identities of these Defendants are ascertained.

## JURISDICTION AND VENUE

5. This action arises under the copyright laws of the United States, Title 17, United States Code, and under the trademark laws of the United States, Title 15, United States Code, and under the statutory and common laws of the State of New York for dilution and unfair competition. The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, as well as principles of pendent jurisdiction. Jurisdiction is proper because at all times relevant to this action Chocolate Perfection maintained minimum contacts with the Southern District of New York through marketing materials and an agreement to sell products in the jurisdiction. Venue lies in this district under 28 U.S.C. §§ 1391(b) and 1400(a). Venue is proper in the Southern District of New York because at all times relevant to this action Chocolate Perfection attempted to market products in the Southern District of New York.

## THE ACADEMY

6. The Academy was founded in 1927 by a now legendary group of thirty-six film industry leaders, who numbered among them Cecil B. DeMille, Mary Pickford, Jack Warner and Douglas Fairbanks for the purposes of, *inter alia*, advancing motion picture arts and sciences and promoting cultural, educational and technological progress by fostering cooperation among the motion picture industry's creative leadership. As a constant incentive for members of the industry to strive to achieve those purposes, and as a means of recognizing persons who make outstanding contributions in their respective creative fields, the Academy annually confers "Awards of Merit," known to the public as "Oscars" in the plural, and "Oscar" in the singular, in over twenty (20) categories of achievement.

7. The presentation of the Awards of Merit is made during a televised ceremony known as the "Academy Awards®." The "Academy Awards®" is seen each year on a live or delayed basis in two hundred (200) countries and territories.

8. The Academy registered the "©Oscar®" statuette with the Copyright Office of the United States of America. The Academy renewed the registration of its copyright in the "©Oscar®." A true and correct copy of the Certificate of Registration No. G 38512 and the Certificate of Registration of a Claim to a Renewal of Copyright, No. R 443432, are attached collectively as <u>Exhibit A</u> and, by this reference, are incorporated herein as though set forth at length. The Academy's copyright is valid and subsisting.

9. The copies of the statuette given to winners of "Academy Awards®" are given subject to certain restrictions, including prohibition against the sale, transfer or copying of the statuette. The Academy has never distributed, or offered to distribute, copies of the "©Oscar®" statuette to the public.

10. The Academy has also registered a two-dimensional depiction of the "©Oscar®" with the Patent and Trademark Office of the United States of America. True and correct copies of United States Trademark Registration Nos. 1,028,635; 1,895,980; 1,960,182; and 2,112,107 are attached collectively as <u>Exhibit B</u>, and by this reference, are incorporated as though set forth at length. These registrations are valid, subsisting and incontestable.

11. The Academy Awards® have come to symbolize the most outstanding achievements in motion picture-making. The Academy permits the above mentioned marks and copyright to be used in advertising for only carefully limited and controlled purposes—such as the advertising of motion pictures nominated for an Academy Award®— and does not permit or license any manufacture, reproduction, distribution, sale or use of such marks by manufacturers, distributors, or retailers such as Defendants.

## DEFENDANTS' UNLAWFUL CONDUCT

12. Upon information and belief, Defendant Chocolate Perfection engages in the sale of chocolates and other types of confectionary goods.

13. In or around March 2005, the Academy discovered that Chocolate Perfection advertised, manufactured, sold and distributed chocolate statuettes that bore a substantially or strikingly similar likeness to the "©Oscar®" statuette. Upon information and belief, chocolate statuettes were sold through Chocolate Perfection's online catalog. The Academy never authorized or consented to Chocolate Perfection's advertising, manufacturing, reproduction, distribution or sale of the chocolate statuettes.

14. Upon discovering the unauthorized advertising, manufacturing, sale and distribution of the chocolate statuette to the general public, and in particular through Chocolate Perfection's online catalog, the Academy wrote to Chocolate Perfection informing it that the

manufacture and sell of chocolate statuettes substantially or strikingly similar to the "©Oscar®" statuette violated copyright and trademark law. The Academy requested that Chocolate Perfection provide the Academy with its written assurance that Chocolate Perfection would "permanently cease and desist from any unauthorized use of the '©Oscar®' statuette likeness or any statuette or depiction strikingly, substantially, or confusingly similar thereto." The Academy's letter also directed Chocolate Perfection's attention to the decision of the United States Court of Appeals for the Ninth Circuit in <u>Academy of Motion Picture Arts and Sciences v. Creative House Promotions, Inc.</u>, 944 F.2d 1446, 1454, 1458 (9th Cir. 1991) (holding that the unauthorized use of such statuettes violated the laws of the United States, and the "Oscar" mark should be given the strongest possible protection against infringement). A true and correct copy of the Academy's letter to Chocolate Perfection, dated March 21, 2005, is attached as <u>Exhibit C</u> and, by this reference, is incorporated herein as though set forth at length.

15.    In response, Chocolate Perfection claimed that it produced the chocolate statuettes, which it called "Star Awards," with permission from the Academy, which it claimed to have received five years previously. A copy of Chocolate Perfection's response letter is attached as <u>Exhibit D</u> and, by this reference, is incorporated herein as though set forth at length.

16.    The Academy responded to Chocolate Perfection on April 7, 2005, informing it that the Academy was unaware of any communication between the Academy and Chocolate Perfection giving Chocolate Perfection permission to produce the Star Award statuettes. In that letter, the Academy requested that a copy of any communication between the Academy and Chocolate Perfection regarding the "Star Awards" be sent immediately to the Academy. A true and correct copy of the Academy's April 7, 2005, letter to Chocolate

5

Perfection is attached as <u>Exhibit E</u> and, by this reference, is incorporated herein as though set forth at length.

17. Chocolate Perfection never responded to the Academy's letter of April 7, 2005. Chocolate Perfection failed to produce any communication between the Academy and Chocolate Perfection demonstrating that Chocolate Perfection had obtained the permission of the Academy to manufacture the Star Awards.

18. In or around March 2007, the Academy discovered that Chocolate Perfection continued to advertise, manufacture, sell and distribute its "Star Awards." The Allianz insurance company had distributed several of them as part of a marketing program. True and correct copies of pictures of the "Star Award" Allianz distributed are attached as <u>Exhibit F</u>.

19. The Academy wrote to Chocolate Perfection on May 25, 2007, denying Chocolate Perfection's alleged permission to use the Academy's copyrighted property. The Academy again informed Chocolate Perfection that the use of the chocolate statuettes substantially or strikingly similar to the "©Oscar®" statuette violated copyright and trademark law. The Academy requested that Chocolate Perfection "cease making false claims to possess the permission of the Academy to manufacture, sell and distribute" its "Star Awards." A true and correct copy of the Academy's May 25, 2007, letter to Chocolate Perfection is attached as <u>Exhibit G</u> and, by this reference, is incorporated herein as though set forth at length.

20. Chocolate Perfection did not respond to this correspondence. However, the Academy has obtained an email message dated June 28, 2007, in which Chocolate Perfection confirmed its ability and willingness to ship Star Awards to an address in this district from Chocolate Perfection's place of business in North Charleston, South Carolina. A true and correct copy of that email is attached as <u>Exhibit H</u>.

### FIRST CLAIM FOR RELIEF

(Copyright Infringement—17 U.S.C. §§ 106, et seq.)

21.  The Academy repeats and realleges each and every allegation contained in Paragraphs 1 through 20, above, as though fully set forth at length.

22.  Defendants have manufactured, distributed, displayed and/or used, and continue to manufacture, distribute, display and/or use various types of statuettes that are substantially or strikingly similar to the Academy's copyrighted "©Oscar®" statuette. Defendants' manufacture, reproduction, distribution, display or use of the statuettes is and has been without the consent or authorization of the Academy and for commercial purposes. Accordingly, Defendants infringed the Academy's copyright in its "©Oscar®" statuette.

23.  The Academy has suffered serious injury as a result of the foregoing infringement of its copyright, including harm to its goodwill and reputation in the marketplace. In addition, the Academy will continue to suffer serious injury if Defendants are not enjoined from manufacturing, reproducing, distributing, displaying or otherwise using the statuettes that are substantially or strikingly similar to the "©Oscar®" statuette. The Academy has no adequate remedy at law for Defendants' acts of infringement. Therefore, the Academy is entitled to preliminary and permanent injunctions enjoining Defendants' acts of infringement and to recover its costs and reasonable attorneys' fees from Defendants pursuant to 17 U.S.C. § 505, in addition to its lost profits and actual damages or statutory damages for Defendants' willful infringement.

### SECOND CLAIM FOR RELIEF

(Trademark Infringement—15 U.S.C. §§ 1114(1), 1116(d) and 1117)

24.  The Academy repeats and realleges each and every allegation contained in paragraphs 1 through 23, above, as though fully set forth at length.

25. The Academy has long used its "©Oscar®" mark in interstate commerce in connection with the advertising and promotion of the annual "Academy Awards®" ceremony and to recognize motion pictures honored by the Academy for excellence in one or more aspects.

26. Because of the exclusive and extensive use and promotion of its marks, the Academy's marks have acquired considerable value and have become well known to the consuming public and trade throughout the world as associated with the Academy and as the highest marks of excellence in movie-making.

27. The Academy has not consented to, nor authorized, Defendants' manufacture, reproduction, distribution, sale or use of statuettes that are identical to or strikingly or substantially similar to the "©Oscar®" design mark.

28. The Academy has not consented to, nor authorized, Defendants' use of the "Oscar®" mark in any manner.

29. Defendants' imitation, copying and unauthorized use of the Academy's registered marks constitutes trademark infringement and causes: (a) likelihood of confusion, deception and mistake among the consuming public and trade as to the source of the products and (b) serious, irreparable injury to the Academy, including injury to its reputation and dilution of the distinctive high quality of its marks, for all of which the Academy has no adequate remedy at law. The Academy is entitled to preliminary and permanent injunctions enjoining Defendants' acts of infringement, to recover its costs and reasonable attorneys' fees from Defendants, pursuant to 15 U.S.C. § 1117 and to recover three times Defendants' profits based on Defendants' willful infringement of the "©Oscar®" design mark.

## THIRD CLAIM FOR RELIEF

(False Representation—15 U.S.C. § 1125(a))

30. The Academy incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 and 24 through 29, above, as though set forth at length.

31. Defendants, through the sale of their statuettes, have impliedly misrepresented to the public that Defendants' statuettes are approved, sponsored or licensed by the Academy.

32. Defendants' aforesaid acts constitute a false representation that Defendants' sale of the statuettes are authorized by or emanate from the Academy. Defendants' material misrepresentations may cause the general public to mistakenly believe that Defendants' statuettes are authorized by or emanate from the Academy. Such misrepresentations continue to harm the Academy's ability to protect the integrity and image of its name and symbol of excellence and are harming the Academy's reputation.

33. Defendants' acts constitute false representations and are violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendants' acts complained of herein irreparably damaged, and will continue to damage, the Academy. The Academy has no adequate remedy at law for these wrongs and injuries. The damage to the Academy includes harm to its goodwill and reputation in the marketplace that money damages cannot compensate. The Academy is therefore entitled to an injunction enjoining Defendants' acts of false representation.

## FOURTH CLAIM FOR RELIEF

(Dilution—15 U.S.C. § 1125(c))

35. The Academy incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, 24 through 29, and 30 through 34, above, as though set forth at length.

36. Defendants' reproduction, manufacture, distribution, sale or use of the statuettes that are substantially or strikingly similar to the Academy's federally registered "©Oscar®" design mark, tarnishes and dilutes, and will continue to tarnish and dilute, the distinctive quality of the Academy's marks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

37. Defendants' acts complained of herein have irreparably damaged, and will continue to damage, the Academy. The Academy has no adequate remedy at law for these wrongs and injuries. The damage to the Academy includes harm to its goodwill and reputation that money damages cannot compensate. The Academy is therefore entitled to an injunction enjoining the Defendants' acts of dilution, actual and statutory damages, and all additional relief authorized under the Lanham Act.

## FIFTH CLAIM FOR RELIEF

(Common Law Unfair Competition)

38. The Academy incorporates herein by reference each and every allegation contained in paragraphs 1 through 23, 24 through 29, 30 through 34, and 35 through 37, above, as though set forth at length.

39. Defendants' reproduction, manufacture, distribution, display or sale of statuettes that are substantially or strikingly similar to the "©Oscar®" statuette, as more fully set

forth above, constitute an unlawful use and appropriation of the Academy's proprietary rights and has the potential to cause confusion in the marketplace.

40. Defendants' reproduction, manufacture, distribution, display or sale of statuettes that are substantially or strikingly similar to the "©Oscar®" statuette create the false impression that the statuettes are approved, licensed or sponsored by the Academy. This constitutes an unjust use and a misappropriation of, or injury to, the goodwill or business reputation of the Academy and will subject the Academy's goodwill and business reputation to the hazards and perils of Defendants' business activities, over which the Academy has no control.

41. Defendants' acts complained of herein have irreparably damaged, and will continue to damage, the Academy. The Academy has no adequate remedy at law for these wrongs and injuries. The damage to the Academy includes harm to its goodwill and reputation in the marketplace that money damages cannot compensate. The Academy is therefore entitled to an injunction enjoining Defendants' acts of unfair competition.

### PRAYER FOR RELIEF

WHEREFORE, the Academy demands judgment:

a. That Defendants, as well as all persons acting under the direction, control, permission or authority of Defendants, or any of them, and all persons acting in concert therewith, be enjoined during the pendency of this action, and permanently thereafter, from reproducing, manufacturing, displaying, marketing, distributing, advertising, transferring or selling any facsimile, copy, replica, reproduction, picture or depiction of the "©Oscar®" design mark, or otherwise infringing the Academy's copyright in the "©Oscar®" statuette and trademark rights in the "©Oscar®" mark, including but not limited to the Star Award;

b.  That all facsimiles, displays, copies, replicas, reproductions, pictures and depictions of the Star Award, or any other replica of the "©Oscar®" statuette in Defendants' possession, custody or control, and all pre-fabricated displays or kits, molds, matrices or other devices used for assembling, manufacturing, or reproducing the aforesaid items, be ordered delivered up for destruction or seized and forfeited to the United States;

c.  That all records of customers and sales relating to Defendants' infringing products be delivered up to the Academy;

d.  That Defendants pay to the Academy the full costs of this action and the Academy's reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  That the Academy recover its actual damages and lost profits or, in the alternative, that the Academy recover statutory damages of $150,000 for willful infringement pursuant to 17 U.S.C. § 504 and its attorneys' fees pursuant to 15 U.S.C. § 1117;

f.  That the Academy recover three times Defendants' profits and the Academy's damages, reasonable attorneys' fees, prejudgment interest and the costs of this action pursuant to 15 U.S.C. §§ 1114 and 1117;

g.  That Defendants be preliminarily and permanently enjoined from using the "Oscar®" marks in any manner and reproducing, displaying, manufacturing, marketing, selling, distribution or advertising any trophy, statuette or statuette display confusingly similar to the "©Oscar®" (including but not limited to the Star Award), whether in two-or three-dimensional form, and that all signs, prints, packages, wrappers, literature, Web site listings and advertisements in the possession of Defendants bearing any reproduction, counterfeit, copy or colorable imitation of the "©Oscar®," whether in two- or three-dimensional form, or "Oscar®"

marks, and all devices, plates, molds, matrices, and other means of making the same, be delivered up and destroyed pursuant to 15 U.S.C. §§ 1114, 1118, and 1125; and

  h. That the Academy have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues triable to a jury.

DATED: New York, New York
    July 30, 2007

            QUINN EMANUEL URQUHART OLIVER &
            HEDGES, LLP

            By: _____
              Lori E. Weiss (LW-7866)

            51 Madison Avenue, 22nd Floor
            New York, New York 10010
            Tel: (212) 849-7000
            Fax: (212) 849-7100

            ATTORNEYS FOR ACADEMY OF
            MOTION PICTURE ARTS AND SCIENCES

            *Of Counsel*:

            QUINN EMANUEL URQUHART OLIVER
            & HEDGES, LLP
            David W. Quinto
            865 S. Figueroa Street, 10th Floor
            Los Angeles, California 90017
            Tel: (213) 443-3000
            Fax: (213) 443-3100