# EXHIBIT D

Received: 4/ 4/05 9:18AM;         -> QUINN EMANUEL; Page 1
FROM :                FAX NO. :                Jul. 05 2002 10:41AM  P1

## Chocolate Perfection

**2460 Remount Road Unit 111**
**North Charleston SC 29406**
**843-529-1220X 843-529-1223**

ASI 44944

Quinn Emanuel Trial Lawyers
David Quinto
865 South Figueroa Street  10th Floor
Los Angeles, CA 90017

April 4, 2005

Dear Mr. Quinto,

In response to your letter of March 21, this issue has already been addressed 5 or 6 years ago when the Academy contacted my wife, before her death, regarding this issue. They decided against any action. Now it comes back again. It would seem the Academy would be better advised to go after the exact "Oscar" knockoffs that litter the landscape instead of harassing small companies like us that sell a few hundred dollars of a piece which is substantially different but which you consider a copy. I recently saw several hundred <u>exact</u> plastic replicas at the Paris Airport.

The piece you are referring to is our "Star Award" and was designed, with permission, to replicate an award given to our company by the International Fancy Food Show, and the National Association of the Specialty Food Trade in New York, to honor us, as the star that year, creating what they considered the world's most outstanding confection. NASFT has given this award out for decades without any interest from the Academy. It is designed as a standing man, without any sword and is substantially different from the "Oscar". I believe that NASFT has trademarked this image and you can see it at their web site or you can visit our office where he stands proudly on our shelf, one in gold and one in silver. At no time have we ever suggested our chocolate had any similarity between it and "Oscar" any more than a bronze statue in Central Park does. It didn't 5 years ago when the Academy looked at it and it still doesn't.

We have never used the word "Oscar" in any material or description which would be infringement and would be objective, in reference to the Lanham Act, a shape would be a subjective issue and I don't believe a Carolina jury would find issue with our representation any more than a NY jury would consider the NASFT statue an issue.

We are a small company making gourmet chocolate and are certainly not a threat to the Academy. I trust this sets the issue to rest.

Sincerely,

Peter Waters